**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Wochna,* **Slip Opinion No. 2018-Ohio-4492.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4492

DISCIPLINARY COUNSEL *v.* WOCHNA.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Wochna,* Slip Opinion No. 2018-Ohio-4492.]**

*Judge—Misconduct—Violations of the Code of Judicial Conduct and the Rules of Professional Conduct for conduct that erodes public confidence in the judiciary and that creates the appearance of judicial impropriety and for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Conditionally stayed six-month suspension.*

(No. 2018-0814—Submitted July 18, 2018—Decided November 8, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-049.

_____

**Per Curiam.**

{¶ 1} Respondent, Charles Francis Wochna, of Bay Village, Ohio, Attorney Registration No. 0015445, was admitted to the practice of law in Ohio in 1985. In

October 2017, relator, disciplinary counsel, alleged that while serving as a magistrate in the Cuyahoga County Court of Common Pleas, Juvenile Division, Wochna violated the Code of Judicial Conduct and the Rules of Professional Conduct by failing to accurately report his work hours and leave on his timecard.

{¶ 2} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and jointly recommended that Wochna be suspended from the practice of law for six months, all stayed on condition. Based on those stipulations and the evidence adduced at the hearing, a panel of the Board of Professional Conduct agreed that Wochna committed the charged misconduct and found that the parties' recommended sanction was reasonable and appropriate. The board adopted the panel's report and recommendation, and no objections have been filed.

{¶ 3} We adopt the board's findings and recommended sanction.

**Misconduct**

{¶ 4} As a magistrate, Wochna was required to work eight hours a day, 40 hours a week. If he worked less than eight hours a day, he was required to use his accrued leave time to make up the difference. Pursuant to the juvenile court's flexible-schedule policy, Wochna submitted a request to work from 7:00 a.m. to 3:00 p.m. beginning in December 2015. The court approved his request.

{¶ 5} Beginning on June 13, 2016, and continuing every two weeks thereafter, Wochna received an automated e-mail from Kronos, the court's electronic timekeeping system, stating:

> Please review and approve your time card; your signature indicates that you have verified and approved the accuracy of your time card. Please be advised that falsification of electronic time records is a work rule violation and may result in discipline including removal from employment.

{¶ 6} After receiving a complaint alleging that Wochna had excessive absences from work, the juvenile court audited the timecards submitted by all the court's magistrates from March 15 to September 2, 2016. The court compared the times the magistrates reported on their timecards to records of their employee-identification-keycard swipes and video footage from courthouse security cameras. The audit showed that Wochna had falsely entered his start or end time into his Kronos timecard on 99 of the 122 work days during that period and received $2,155.61 in pay for 51.98 hours that he did not work.

{¶ 7} Wochna's time discrepancies ranged from a few minutes to over four hours and inflated his work time by an average of .53 hours per day. For example, on March 18, 2016, Wochna entered the parking garage at 7:15 a.m. and left the parking garage at 11:25 a.m. However, on his timecard that day, Wochna falsely reported that he arrived at 7:00 a.m. and left at 3:00 p.m., thereby inflating his work time by 3.83 hours. Despite the fact that he failed to accurately record the times that he commenced work, ended work, or used earned leave time, Wochna personally approved each of the 13 audited biweekly timecards.

{¶ 8} Following a September 2016 disciplinary hearing conducted by his employer, Wochna was found to have violated seven workplace rules prohibiting (1) falsification of documents, (2) dishonesty and misrepresentation, (3) misuse or theft of county property, (4) conduct unbecoming a court employee, (5) job abandonment and/or failure to report for duty as scheduled, (6) leaving one's work area without permission, and (7) other acts of misfeasance, malfeasance, or nonfeasance. The court terminated his employment effective October 3, 2016.

{¶ 9} Wochna attempted to make restitution both before and after his workplace disciplinary hearing, but his employer declined the offer. In February 2018, the county finally accepted his payment.

**{¶ 10}** In accord with the parties' stipulations, the board adopted the panel's findings that Wochna violated Jud.Cond.R. 1.2 (requiring a judge or magistrate to act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and to avoid impropriety and the appearance of impropriety) and Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct that involves dishonesty, fraud, deceit, or misrepresentation).

**Sanction**

**{¶ 11}** When imposing sanctions for judicial and professional misconduct, we consider all relevant factors, including the ethical duties violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), any other relevant factors, and the sanctions imposed in similar cases.

**{¶ 12}** As aggravating factors, the parties and board agreed that Wochna acted with a dishonest or selfish motive and engaged in a pattern of misconduct. *See* Gov.Bar R. V(13)(B)(2) and (3). Agreed mitigating factors included the absence of prior discipline; a timely, good-faith effort to make restitution; full and free disclosure to the board and a cooperative attitude toward the disciplinary proceedings; positive character evidence; and the imposition of other penalties or sanctions (i.e., the termination of Wochna's employment as a magistrate). *See* Gov.Bar R. V(13)(C)(1), (3), (4), (5), and (6).

**{¶ 13}** "Public confidence in the judiciary is eroded by improper conduct and conduct that creates the appearance of impropriety." Jud.Cond.R. 1.2, Comment 1. For that reason, judges and other persons authorized to perform judicial functions—like magistrates—are subject to the highest standards of ethical conduct. *See, e.g., Disciplinary Counsel v. Elum*, 133 Ohio St.3d 500, 2012-Ohio-4700, 979 N.E.2d 289, ¶ 21; Application, Section I(B), Code of Judicial Conduct ("A *judge* * * * is a lawyer who is authorized to perform judicial functions *within a court* * * *" [emphasis added]). In determining the appropriate sanction for

Wochna's misconduct, the board examined *Disciplinary Counsel v. Kramer*, 149 Ohio St.3d 425, 2016-Ohio-5734, 75 N.E.3d 1174.

{¶ 14} Kramer was found to have falsified his time records while serving as a hearing officer at the Cuyahoga County Board of Revision—though he was not subject to the Code of Judicial Conduct because he did not perform judicial functions within a court. Investigations revealed at least 129 discrepancies between the times Kramer reported on his timesheets and the records of his parking-garage activity. We found that Kramer violated Prof.Cond.R. 8.4(c) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). And because we found that Kramer's misconduct was limited to his timekeeping practice and that he was unlikely to commit future misconduct, we suspended him from the practice of law for one year, stayed in its entirety on the condition that he engage in no further misconduct. *Id*. at ¶ 35. Like Wochna, Kramer had no prior disciplinary record, submitted evidence of his good character, and had other sanctions imposed for his misconduct, as he was forced to resign from his employment. *Id*. at ¶ 19. And both attorneys acted with a dishonest or selfish motive and engaged in a pattern of misconduct. But while Wochna immediately accepted responsibility for his actions, Kramer failed to acknowledge the wrongful nature of his misconduct. In his resignation letter, Kramer denied having committed any violation of law. *Id*. at ¶ 14-15. At his disciplinary hearing, he testified that his false entries were "mistakes" and "[s]loppy bookkeeping," *id*. at ¶ 20, and eventually stated that his conduct was "wrong," but the panel did not find his testimony to be credible, *id*. at ¶ 14-15.

{¶ 15} While recognizing that Wochna's misconduct "tarnished the reputation of the judiciary," the board concluded that his immediate acceptance of responsibility for his misconduct, combined with his immediate offer of repayment and his cooperative attitude toward the disciplinary process, warranted the imposition of a lesser sanction than that imposed in *Kramer*. Therefore, the board

recommended that Wochna be suspended from the practice of law for six months and that the entire suspension be stayed on the condition that he engage in no further misconduct. Having reviewed the record, we agree with the board's findings and recommendation.

{¶ 16} Accordingly, we suspend Charles Francis Wochna from the practice of law for six months, with the entire suspension stayed on the condition that he engage in no further misconduct. If Wochna fails to comply with the condition of the stay, the stay will be lifted and he will serve the full six-month suspension. Costs are taxed to Wochna.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Scott J. Drexel, Disciplinary Counsel, and Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, for relator.

Jerome A. Milano, for respondent.

_____